UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Peggy L. Michael,                          Case No. 3:20-cv-1861

         Plaintiff,

     v.                                                  ORDER

Rebecca Conklin Kleiboemer,

         Defendant.

On June 17, 2022, I held a telephone status conference during which I ordered the parties to submit a joint statement regarding outstanding discovery disputes by June 30, 2022. (Doc. No. 21). During this conference I also established the following dispositive motion briefing schedule, agreed to by both parties:

> Should either party seek to file a dispositive motion, that motion shall be filed by October 24, 2022. Any opposition brief to that motion to be filed by November 18, 2022. If dueling dispositive motions are filed, briefing shall be completed after the opposition briefs are filed. But if only one party files a dispositive motion, that party may file a reply brief by December 5, 2022.

(*Id.*).

Rather than submit the joint statement, as ordered, the parties moved to submit individual statements because of "disagreements about aspects of the discovery requests themselves" and proposed that Plaintiff submit her statement by July 11, 2022, and that Defendant submit a response by July 18, 2022. (Doc. No. 24). It is my customary practice that the parties submit a joint statement in the case of discovery disputes, where there are always "disagreements about aspects of

the discovery requests."[1] Still, I granted the parties' joint motion and adopted their proposed dates. (*See* non-document entry dated June 30, 2022).

The parties timely submitted their statements. I have taken the matter under advisement but have not yet issued my ruling. Because of this, Plaintiff now moves to vacate the dispositive motion schedule pending a ruling on this discovery issue. (Doc. No. 26). Defendant filed a brief in opposition. (Doc. No. 36).

Without addressing every argument made by Defendant in her opposition brief, I note only that it is well-established that the court has inherent authority over its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (A court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Because I have yet to determine whether Plaintiff may perform the disputed discovery, I find any motion for summary judgment filed by Plaintiff or Defendant at this time would be premature. Therefore, I vacate the dispositive motion briefing schedule.

Should I grant Plaintiff's discovery requests in whole or in part, a new dispositive motion schedule will be set after that discovery has been completed. If I deny Plaintiff's requests, I will set a new dispositive motion schedule at that time. Any dispositive motion filed before I establish a new briefing schedule will be denied as premature.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] Standing Order of Judge Jeffrey J. Helmick, https://www.ohnd.uscourts.gov/content/judge-jeffrey-j-helmick (last visited Oct. 20, 2022).